**STATE of Missouri, Plaintiff-Respondent,**

v.

**Leonard Bracy OLSON, Defendant-Appellant.**

**No. 44653.**

Missouri Court of Appeals, Eastern District, Division 4.

Feb. 8, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

Chris Hayden, Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant Leonard Bracy Olson appeals from his criminal conviction by a jury of escape from confinement. We affirm.

No challenge to the sufficiency of the evidence is made. We need only state that from the evidence the jury could reasonably find that on May 6, 1980, defendant and two other prisoners escaped from St. Louis County Jail. Defendant was apprehended

immediately thereafter; his fellow escapees, several weeks later. Defendant's complaint on appeal is that the state failed to honor its alleged bargain offering him freedom from prosecution on the escape charge in return for information from him concerning the whereabouts of the other two escapees.

The trial court held a pre-trial evidentiary hearing on the issue of whether the decision to prosecute defendant violated any agreement between defendant and the state. Defendant, as well as witnesses for the state, testified at the hearing. The prosecutor's agreement with defendant was conditioned on the truthfulness and usefulness of the defendant's information. Since defendant had not provided the state with information useful toward the location and arrest of the other two escapees, the agreement had not been fully satisfied. The trial court permitted defendant's prosecution and did not permit references to the agreement during defendant's trial.

We find there was sufficient evidence in the record to support the trial court's determination that defendant was subject to prosecution. The trial court did not abuse its discretion.

Upon examination of the record, we find that the judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and that it neither erroneously declares nor applies the law. An extended opinion would have no precedential value. Affirmed in accordance with Rule 30.25(b).

KELLY and SNYDER, JJ., concur.