STATE of Missouri, Respondent,

v.

Terry Edward WHITE, Appellant.

No. WD 45326.

Missouri Court of Appeals, Western District.

Aug. 25, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1992.

Application to Transfer Denied Oct. 27, 1992.

Robert G. Russell, Sedalia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and BERREY, JJ.

LOWENSTEIN, Chief Judge.

Defendant Terry Edward White appeals from a jury verdict of guilty on five counts of Class B Felony rape. White was sentenced to fifteen years on each charge, to be served concurrently, with credit for previously served time. White argues three points on appeal: 1) the trial court erred in submitting counts IV and V to the jury because they were barred by the statute of limitations, 2) the trial court's fifteen year sentences were an indication of vindictiveness, because the court had originally sentenced White to twelve years in a previous trial of the same charges, and, 3) the trial court erred in not dismissing counts I, II,

and III, because another circuit court had "discharged" White from those counts in a habeas corpus proceeding.

## I. Procedural Facts on Appeal

White was originally charged in 1986, in Clay County, with five counts of felony rape, following incidents of sexual intercourse with his two minor daughters. White pled guilty to counts I, II and III, and the state dismissed counts IV and V, as well as an additional case pending before another court. White was sentenced to twelve years imprisonment by Judge McFarland, to be served concurrently. When White entered the Department of Corrections, he learned he was suffering from a brain tumor. After obtaining a medical opinion that the brain tumor affected his ability to control his conduct toward his daughters, White filed an untimely Rule 24.035 motion, which was dismissed. His appeal through the courts of this state resulted in *White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989), where the court dismissed the Rule 24.035 motion case, but suggested state habeas corpus relief. White then filed a writ in the St. Louis County Circuit Court, the county of his incarceration. In July, 1990, the court granted the writ, ordered White released from custody, found he had a mental disease or defect defense unknown at the time of the original charges, and ordered him "discharged" unless the state "file[d] appropriate charges" and tried him within 180 days.

In October 1, 1990, the Circuit County Court, on its own motion, set aside White's guilty pleas, found the dismissal of Counts IV and V were part of the guilty plea agreement now breached by White, and set aside those dismissals as well. The cause was set for trial, and venue changed to Callaway County for trial on all five counts. Following the guilty verdicts, White was sentenced to five concurrent fifteen year terms.

## II. The Originally Dismissed Counts

White argues that he could not be tried on counts IV and V which were originally dismissed in 1986, because the three-year statute of limitations had run on those counts, and because the counts were nolle prossed by the State. Initially, this court notes that White does not dispute that counts IV and V were in fact part of the plea agreement he made in 1986.

 As to his argument regarding the statute of limitations on those counts, two points dispense with White's argument. First, under § 556.036(3), RSMo 1986, the period of limitation does not run "[d]uring any time when a prosecution against the accused for the offense is pending in this state." Additionally, the filing of an information or indictment tolls the statute of limitations, *State ex rel. Morton v. Anderson,* 804 S.W.2d 25, 27 (Mo. banc 1991), and the statute of limitations remains tolled under § 556.036(3) throughout all subsequent proceedings, including collateral review, *Anderson,* at 27. This court holds that a habeas corpus proceeding, as here pursued, is indeed a part of the collateral review process, *White v. State,* 779 S.W.2d 571 (Mo. banc 1986).

 Second, both the state and the defendant are bound by a plea agreement, *McIntosh v. State,* 627 S.W.2d 652, 655 (Mo.App.1981), and, upon breach, the parties are returned to pre-plea bargain status, *Bolinger v. State,* 703 S.W.2d 25, 28 (Mo. App.1985). The trial court permissibly found that White had breached his plea agreement by pursuing the habeas relief, *State v. Olson,* 649 S.W.2d 907 (Mo.App. 1983). This court holds that under the case law tolling criminal statutes of limitations, and in fairness to both sides who enter a plea bargain agreement, the statute was tolled during White's collateral review, and the parties were returned to pre-agreement status by his breach. Therefore the statute of limitations does not bar the State from prosecuting White on counts IV and V, originally dismissed under the plea agreement. To hold otherwise would allow a defendant to gain the benefits of a plea bargain, and then successfully attack it collaterally, without allowing the state to rescind its part of the bargain. *See State v. Olson,* 649 S.W.2d 907, 908 (Mo.App.

1985), *Stokes v. State*, 671 S.W.2d 822 (Mo. App.1984), *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App.1981).

■ White also argues against reinstatement of counts IV and V by relying upon *State v. Montgomery*, 276 S.W.2d 166, 168 (Mo.1955), which states that "[w]here in a criminal proceeding the prosecuting attorney causes the entrance of an unconditional nolle prosequi or dismissal of the indictment or information, the proceeding is terminated, and the same indictment or information cannot be reinstated at a subsequent term and prosecution thereon resumed." However, *Montgomery* specifically refers to an unconditional nolle prosequi, whereas here the State's dismissal of counts IV and V was part of a plea bargain which White has set aside. This court holds that a conditional nolle prosequi, that is, dismissal as part of a plea bargain, is not binding upon the state following a defendant's breach of that plea bargain agreement.[1] The State may reinstate the counts IV and V without concern for the previous dismissal; the point is denied.

### III. The Presumption of Vindictiveness

■ White, relying upon *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), argues in his final point that the trial court erred in assessing 15 year sentences on each of the five counts, when his original guilty pleas resulted in 12 year sentences. However, this court is bound by *Alabama v. Smith*, 490 U.S. 794, 801, 109 S.Ct. 2201, 2205–06, 104 L.Ed.2d 865 (1989), which holds that *Pearce's* presumption of vindictiveness does not exist when a defendant receives a greater sentence following trial than that previously imposed after a guilty plea. As noted in *Alabama v. Smith*, the judge in a trial has more sentencing information avail-

able than a judge following a guilty plea, and the concerns of *Pearce* do not exist, *Alabama v. Smith*, 490 U.S. at 801, 109 S.Ct. at 2205–06. In this case, White has not proved actual vindictiveness, *Alabama v. Smith* at 801, 109 S.Ct. at 2205–06, and so the point is denied.

### IV.

■ White's final point is that the trial court erred in requiring him to go to trial on counts I, II, and III, because he had been "discharged" from those convictions by the St. Louis County habeas court, and hence double jeopardy attached to subsequent attempts to charge him under those counts. White cites no case law for the unique position that a successful habeas corpus collateral attack on a criminal conviction prevents the state from retrying a defendant on the underlying charges.

■ Looking first at the Missouri habeas corpus rules, found in Rule 91, this court notes that with the exception of capital crimes, a habeas petition is to be filed in the county in which the petitioner is held, Rule 91.02(a). Further, "[i]f no legal cause is shown for the restraint, the court shall forthwith order the person discharged," Rule 91.18, and "[i]f legal cause is shown ... the person shall be returned to the restraint from which he was taken or committed to such other restraint as may be proper." Rule 91.20. As for proceedings in Missouri for post-conviction relief, Rule 29.15(i) and 24.035(i) provide that if a court finds a judgment subject to collateral attack, the post-conviction court "shall vacate and set aside the judgment and discharge the movant or resentence him or order a new trial or correct the judgment and sentence as appropriate." Until further direction, in a habeas proceeding substituting

---

**1.** The state has pointed out, and this court acknowledges, that this practice has been followed by other jurisdictions, as shown by the cases of *People v. Horne*, 314 N.E.2d 633, 21 Ill.App.3d 10 (1974) (additional charge dismissed pursuant to plea bargain, when setting aside conviction, court specifically stated that the *nolle prossed* charge could be reinstated, placing parties in position at time of arraignment on all charges), and *People v. Clark*, 43 Mich.App. 476, 204

N.W.2d 332, 333 (1972) (prosecution entered *nolle prosequi* on three charges when defendant pled guilty to one; four days later, the statute under which guilty plea entered was found inapplicable, and court held charges correctly reinstated unless barred by the statute of limitations). In this case, White has breached his plea bargain, and as discussed above, the statute of limitations is no bar to reinstatement of counts IV and V.

for post-conviction relief as suggested by *White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989), the court of the underlying conviction has the power to vacate its judgment and sentence once the writ is issued, even though issued by a court other than the convicting court. This court finds no basis in Rule 91 for the argument that a "discharge" prevents the defendant from being retried on the underlying cause. Admittedly, the proper procedure in a post-conviction habeas case would appear to be Rule 91.20, and a "return" of the petitioner to the court of the underlying conviction, but the discharge that occurred in this case does not deny the Clay County court is power to set aside the unlawful judgment, and proceed upon the lawful charges.

■ Second, even aside from a clear reading of the rules, White pled guilty to counts I, II, and III, later successfully asserted on collateral review that he had a previously unknown mental disease defense, was brought to trial, presented his defense to the jury, and was found guilty by that jury. White cites no authority for his position that trial on counts I, II, and III violated the double jeopardy clause of the Fifth Amendment. In fact, the United States Supreme Court in *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), explicitly found that no double jeopardy violation existed in a retrial following a successful federal habeas proceeding. No constitutional rights have been violated here by retrial after a collateral habeas attack as opposed to post-conviction collateral attack, and the point is denied.

The cause is affirmed, the defendant being correctly charged on all five counts, and the sentence imposed following the guilty verdicts are upheld.