**STATE of Missouri, Respondent,**

v.

**Dennis L. STANLEY, Defendant–Appellant.**

**Dennis L. STANLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60642, 62852.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1993.

Elizabeth Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Dennis Stanley, appeals from judgments of conviction, after a jury trial, of assault in the second degree and felonious restraint. He was sentenced to consecutive terms of imprisonment of one year on each count. Defendant also appeals from the denial of his Rule 29.15 motion for postconviction relief after an evidentiary hearing. Defendant's judgments of conviction are affirmed. Defendant's appeal from the denial of his Rule 29.15 motion is dismissed.

Defendant does not challenge the sufficiency of the evidence. Viewed in a light most favorable to the verdict, there was substantial evidence at trial that defendant beat and choked the female victim with a leather belt while keeping her confined in an apartment.

Defendant first contends that the trial court erred in denying his motion for a mistrial based on the prosecutor's comment during closing argument that the testimony of the victim was "uncontradicted." The trial court sustained defendant's objection, but denied his motion for a mistrial. Defendant claims this was an improper comment on his constitutional right not to testify in violation

of his right to Due Process and his privilege against self-incrimination.

■ The trial court has wide discretion in controlling the scope of closing argument. *State v. Shaw,* 636 S.W.2d 667, 675 (Mo. banc 1982). Where the prosecutor allegedly has alluded to a defendant's failure to testify, the trial court's decision will be disturbed only where the references are direct and certain. *State v. Hutchinson,* 458 S.W.2d 553, 555 (Mo.1970). A prosecutor's comment that the evidence is "uncontradicted" or that the defendant has failed to offer evidence is not a direct and certain reference to the defendant's failure to testify. *State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982). Clearly the trial court acted within its discretion in refusing to declare a mistrial. Defendant's first point is denied.

■ Defendant next contends that the trial court erred in giving an instruction to the jury patterned after MAI–CR3d 302.04, defining "reasonable doubt." That instruction has repeatedly been upheld as proper. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant's last point is denied.

The judgments of conviction on direct appeal are affirmed. Defendant's appeal from the denial of his Rule 29.15 motion is deemed abandoned for failure to brief any allegations of error and is therefore dismissed.

REINHARD and CRIST, JJ., concur.