STATE of Missouri, Respondent,

v.

Walter G. BURRELL, Appellant.

No. WD 51370.

Missouri Court of Appeals,
Western District.

May 20, 1997.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cathleen A. Martin, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, JJ.

LAURA DENVIR STITH, Presiding Judge.

Appellant Walter G. Burrell appeals his conviction for first degree robbery and armed criminal action. We agree with Mr. Burrell that this case must be remanded for resentencing because the trial judge erroneously entered a written sentence of six years for armed criminal action after stating orally at the sentencing hearing that he would sentence Mr. Burrell to a term of three years. We reject Mr. Burrell's additional allegation that the trial judge erroneously permitted the prosecutor to comment in closing argument on his failure to testify and on his character, however. We find that the comments were instead directed toward the credibility of defendant's statement to the police at the time of his arrest, and were not improper.

We also reject Mr. Burrell's appeal of the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. Mr. Burrell claims that his trial counsel was ineffective in failing to investigate and present alibi testimony and evidence. Because Mr. Burrell failed to show at the hearing that the alleged alibi witnesses would have testified and that if they had testified they would indeed have supported his alibi defense, and because the evidence his counsel failed to obtain would not in fact have supported an alibi defense, we find that Mr. Burrell has failed to show he was entitled to post-conviction relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of May 17, 1994, John Dunbar and LaShawn Davis were working at the 7–11 convenience store at 63rd and Oak Streets in Kansas City, Missouri. At approximately 1:30 that morning, as Mr. Dunbar was going out to the trash dumpster, he noticed a man approaching from behind the store. Mr. Dunbar thought the man looked suspicious, so he told Mr. Davis to take the money from the cash register and put it in the safe. Mr. Davis hesitated before acting, however, and had not yet transferred the money when the man lurking around the back of the store came inside.

The man drew a knife with a six or seven inch blade, told Mr. Davis to open the register, and pinned Mr. Davis against the corner of the counter. When Mr. Davis opened the register, the man took the money. As Mr. Dunbar came back inside the store, he saw Mr. Davis being held at knifepoint and tried to spray the robber with mace. The canister malfunctioned, however, and the robber lunged at Mr. Dunbar with the knife and then ran out the door.

Mr. Davis later identified Mr. Burrell as the robber. The State charged Mr. Burrell with one count of first degree robbery and one count of armed criminal action. While Mr. Burrell did not testify at the trial, the State did introduce a statement Mr. Burrell made to the police during questioning. In this statement, Mr. Burrell admitted that he had robbed a convenience store, but claimed that he did not have a weapon.

During closing arguments, the prosecutor stated:

> You have heard the story of the defendant, what the defendant told Detective McKinney about what happened that night, and he said he didn't use any physical force and he didn't use a knife. Then you heard the story of LaShawn Davis and John Dunbar, the eye witness and the victim in this case, and they told you that the defendant did use physical force and the defendant did use a knife in this case and, in fact, the knife was the primary reason why LaShawn Davis gave the money to him.
>
> So, we have two conflicting stories, and the question is who do we believe, because somebody has to be lying. Who is the person lying here? Well, in order to determine who is lying we have to determine the credibility of the people involved. In considering the credibility we can look at the character of the individuals. First of all, let's look at the character of LaShawn Davis and John Dunbar. . . .

[A]nd let's look at the defendant. He told you he told the police officer in his statement that he took the money from the 7–11. He admitted that he takes the money that people like John Dunbar and La-Shawn Davis work so hard to earn. Is this the type of person we are going to believe?

Defense counsel objected on the ground that the prosecutor was commenting on Mr. Burrell's failure to testify. The judge overruled the objection, but told the prosecutor that she was "close to the line."

The jury found Mr. Burrell guilty on both counts. At the sentencing hearing, the judge orally stated that he would sentence Mr. Burrell to consecutive terms of 18 years for robbery and three years for armed criminal action. In his written sentencing judgment, however, the judge sentenced Mr. Burrell to 18 years for robbery and six years for armed criminal action.

Mr. Burrell filed a motion for post-conviction relief alleging that his trial counsel had failed to investigate and present testimony and evidence. While defendant characterizes the missing testimony and evidence as alibi evidence, it did not in fact establish an alibi for defendant at the time of the crime. Rather, defendant testified at the post-conviction hearing, the witnesses and evidence—paycheck stubs—would have established that Mr. Burrell was employed at the time of the robbery and had received a paycheck on that date. This would have supported an argument that a person who has just received a paycheck has no need to rob a convenience store. The trial court denied the motion. This consolidated appeal followed.

## II. DISCREPANCY IN SENTENCE FOR ARMED CRIMINAL ACTION

■ In his first point on appeal, Mr. Burrell argues that the trial court erred in entering a written sentence of six years for armed criminal action after orally sentencing him to a term of three years for that offense. The State concedes that the trial judge erred in entering a written sentence inconsistent with that stated at the sentencing hearing.

■ A court retains jurisdiction to modify a sentence until it is reduced to a written judgment if the court calls the defendant back for resentencing. If the defendant is not returned for resentencing, the court has authority only to enter the sentence as orally pronounced. *McCaine v. State*, 891 S.W.2d 419, 420 (Mo.App.1994); *State v. Johnson*, 864 S.W.2d 449, 451 (Mo.App.1993). *Cf. Johnson v. State*, 938 S.W.2d 264 (Mo. banc 1997) (sentencing judge need not specifically refer to finding that the defendant is a persistent offender during formal oral pronouncement of sentence if the sentencing court previously made such a finding). Therefore, the case must be remanded for entry of a corrected three-year sentence consistent with the oral pronouncement of sentence.

## III. PROSECUTOR'S STATEMENTS DURING CLOSING ARGUMENTS

Mr. Burrell also asserts that the trial court erred in overruling his objection to the prosecutor's statement in closing arguments that Mr. Burrell's admission to police that he robbed the 7–11 store showed he was not credible. Mr. Burrell claims that this argument constitutes an impermissible comment on Mr. Burrell's right not to testify and improperly placed Mr. Burrell's character at issue.

### A. Mr. Burrell's Failure to Testify.

■ A prosecutor may not comment adversely on the defendant's failure to testify at the trial. *State v. Richardson*, 923 S.W.2d 301, 314 (Mo. banc 1996). "A direct reference to a defendant's failure to testify is made when the prosecutor's reference is definite and certain, such as by the use of the words 'defendant,' 'accused,' and 'testify' or their equivalent." *State v. Dees*, 916 S.W.2d 287, 294 (Mo.App.1995), *cert. denied*, — U.S. —, 117 S.Ct. 157, 136 L.Ed.2d 101 (1996) (citing *State v. Lawhorn*, 762 S.W.2d 820, 826 (Mo. banc 1988)). "An indirect reference is one reasonably apt to direct the jury's attention to defendant's failure to testify." *Lawhorn*, 762 S.W.2d at 826. A direct reference usually requires reversal, but an indirect reference requires reversal "only if the prosecutor demonstrates an intent to magnify the defendant's decision not to testi-

fy so as to call it to the jury's attention." *Richardson*, 923 S.W.2d at 314.

■ Here, the trial court found that the prosecutor's argument was close to the line but did not constitute an improper comment on the failure to testify. He therefore overruled the objection. The trial court has broad discretion to control the scope of closing arguments. *Id.* The trial court's decision overruling an objection to a prosecutor's alleged comment on the defendant's failure to testify will be overturned on appeal only where the reference was direct and certain. *State v. Stanley*, 860 S.W.2d 836, 837 (Mo. App.1993).

Here, we agree that the prosecutor did not directly comment on the fact that Mr. Burrell did not testify at trial. Rather, she commented on the alleged lack of credibility of the statement which Mr. Burrell *did* make to police by comparing Mr. Burrell's version of events with the testimony of Mr. Dunbar and Mr. Davis. Defendant's statement had been properly introduced in evidence and the prosecutor was entitled to comment on it, and to ask the jury to draw inferences about the credibility of the statement. Such comments did not constitute a direct reference to Mr. Burrell's failure to testify.

■ In addition, we do not think that the comments should be considered to be even an indirect comment on defendant's failure to testify; to hold that they were would in effect make it improper for a prosecutor to comment on a defendant's voluntary statement to police if defendant later chooses not to testify. No case so states, and this would not be good public policy. Even were the comment considered an indirect comment on Mr. Burrell's failure to testify, however, it would not entitle him to relief unless Mr. Burrell shows that in making this comment the prosecutor was attempting to magnify or draw the jury's attention to the fact that Mr. Burrell had not testified. No such showing was made here. The prosecutor's comments refer to the statements Mr. Burrell did make to police, not to the fact that he did not testify at trial, and encouraged the jury to consider which version of events was more credible.

■ On similar facts, *State v. Horne*, 691 S.W.2d 402 (Mo.App.1985), held that a prosecutor's comment on the defendant's statement to police was not an impermissible comment on the defendant's failure to testify. In *Horne*, defendant gave a handwritten statement to the police, and that statement was admitted into evidence. In closing arguments, the prosecutor stated:

> So, this free and voluntary statement is very self-serving. It also lies. He ignored that aspect. So, you can give it whatever consideration you want, but don't give it the same consideration you gave Morris Mathis who got up there and testified under oath and was cross-examined.

691 S.W.2d at 405. The court held that this statement was neither a direct nor an indirect reference to the defendant's failure to testify. Rather, "[i]t merely invited the jury to compare the weight and credit of defendant's written statement with the testimony of Morris Mathis." *Id.* We agree that comments on the defendant's credibility are not improper in this context.

**B. Reference to Mr. Burrell's Character.**

■ Mr. Burrell also claims on appeal that the prosecutor told the jurors they should compare the witnesses' character with Mr. Burrell's character, and that this was improper where, as here, the defendant did not present evidence of his character. *See, e.g., State v. Guidorzi*, 895 S.W.2d 225, 230 (Mo.App.1995) (holding that state can not introduce evidence of the defendant's character unless the defendant first presents such evidence); *State v. Skinner*, 734 S.W.2d 877, 883 (Mo.App.1987).

■ Mr. Burrell never objected at trial that the prosecutor's closing argument improperly referred to his character. He objected only on the ground that the prosecutor's statement improperly referred to his failure to testify at trial. When an error is raised for the first time on appeal, it is reviewed under the plain error standard. *State v. Gray*, 887 S.W.2d 369, 387 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995). To be entitled to relief under the plain error rule, the de-

fendant must show that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is not corrected. Rule 30.20; *State v. Silvey*, 894 S.W.2d 662, 671 (Mo. banc 1995). Plain error relief is seldom granted for matters contained in closing argument. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994); *State v. Radley*, 904 S.W.2d 520, 524 (Mo.App.1995). Mr. Burrell has shown no manifest injustice here. The comment was clearly an attempt to cast doubt on Mr. Burrell's credibility because of his admission to the robbery; it was not part of an attempt to generally attack his character.

For these reasons, Mr. Burrell's convictions are affirmed.

## IV. CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

■ Finally, Mr. Burrell appeals the denial of his Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel.

■ To prove a claim of ineffective assistance of counsel, Mr. Burrell must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). To show prejudice, Mr. Burrell must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* In addition, to prevail on a claim of ineffective assistance of counsel for failure to call a witness, the defendant must show that the witness would have testified if called and that the witness's testimony would have aided the defendant's case. *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. banc 1995); *State v. Ramsey*, 864 S.W.2d 320, 340 (Mo. banc 1993).

In this case, the motion court denied Mr. Burrell's 29.15 motion following an evidentiary hearing. Our review of that denial is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). We will find the motion court's findings and conclusions clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Storey*, 901 S.W.2d at 893.

Mr. Burrell has failed to meet that standard here. He first claims that counsel was ineffective because he failed to call certain witnesses who would have supported his alibi that he was at work during the robbery. Mr. Burrell failed to call the alleged alibi witnesses at his post-conviction hearing, however, or to otherwise present evidence showing that the missing witnesses would have testified if called and that their testimony would have aided his defense. Mr. Burrell therefore failed to meet his burden in regard to this allegation of ineffective assistance of counsel. *Id.*

■ Mr. Burrell also claimed that his trial counsel was ineffective because he failed to obtain and offer into evidence the defendant's paycheck stubs for the week in question. Again, we disagree. It appears that the paycheck stubs do not show what hours an employee worked, and thus would not have shown that Mr. Burrell was at work during the robbery. Instead, Mr. Burrell wanted to use them to show the jury that he was employed. He claims that this would have supported the argument that "[i]t doesn't make sense for a man to work and to commit robberies, period." The defense had other means of showing Mr. Burrell was employed. Counsel was not ineffective in failing to obtain the paycheck stubs for this purpose.

■ Finally, we note that Mr. Burrell had already admitted in his statement to police that he had robbed the convenience store; he just denied using a weapon. Therefore, counsel could reasonably have concluded that equivocal evidence of alibi would not help the defense, for it would cast doubt on the credibility of Mr. Burrell's statement to the police. Introduction of evidence is a matter of trial strategy, and reasonable decisions of trial strategy will not

support a finding of ineffective assistance of counsel. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994); *State v. Pounders*, 913 S.W.2d 904, 908 (Mo.App. 1996).

For these reasons, we remand this case for resentencing of Mr. Burrell in accordance with this opinion. We reject Mr. Burrell's other claims of error on direct appeal and we affirm denial of post-conviction relief.

All concur.