**Steven M. SPIER, Movant/Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 85136.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 2005.

Application for Transfer Denied
Nov. 22, 2005.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The movant, Steven M. Spier, appeals the motion court's judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Because the movant's plea of guilty to kidnapping was predicated on an information that failed to state the essential elements of the offense, we reverse the motion court and order that the judgment of conviction be vacated. The cause is remanded for further proceedings.

The State, by information, charged the movant with four counts of kidnapping, in violation of section 565.110, RSMo.2000,[1] and four counts of interference with custody, in violation of section 565.150. As acknowledged by the movant at the plea hearing, the charges stemmed from the movant's actions of March 31, 2003, when he got into a car with a Ms. Flores, who, during the course of a supervised visit, took her four minor children from the Division of Family Services Building. At the time, the children were all in the temporary legal protective custody of the Division of Family Services. The movant then stayed with Ms. Flores and her children for ten days. On February 23, 2004, the movant pleaded guilty to a single count of kidnapping pursuant to a plea agreement that the three other counts of kidnapping and the four counts of interference with custody be dismissed.[2] It was further agreed that he would be sentenced to fifteen years' imprisonment. The count of kidnapping to which the movant pleaded guilty read as follows:

> The Prosecuting Attorney, John D. Rupp, of the County of Washington, State of Missouri, charges that the defendant, . . .
>
> In violation of Section 565.110, RSMo, committed the Class A felony of kidnapping, punishable under section 558.011.1, RSMo, in that on or about March 31, 2003, in the County of Washington, State of Missouri, defendant unlawfully removed K.A.F. without her consent from 1701 N. Missouri Street, Potosi, Mo, the place where she was found by defendant, for the purpose of interfering with the performance of a governmental function, to-wit: the court ordered care, custody and control over K.A.F.[3]

The plea court accepted the movant's plea of guilty and sentenced the movant to fif-

---

1. All further statutory references are to RSMo.2000, unless otherwise specified.

2. The State had charged the movant with one count of kidnapping and one count of interference with custody as to each of the four minor children.

3. The charge was amended at the plea hearing to include the language "acting alone or in concert with another."

teen years' imprisonment. Movant filed a *pro se* and then, after counsel was appointed, an amended Rule 24.035 motion for relief to set aside his guilty plea. The motion court entered judgment denying Movant's motion without an evidentiary hearing. Movant now appeals.

This Court reviews the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *State v. Roll,* 942 S.W.2d 370, 375 (Mo.1997). We are left with just such an impression in this case. The movant claimed in his amended Rule 24.035 motion that he could not stand convicted of kidnapping because removal of the victims from "court ordered care, custody and control" did not constitute "interference with the performance of any governmental or political function." We agree.

Section 565.110 defines the crime of kidnapping. That statute provides as follows:

> 1. A person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his

or her consent for a substantial period, for the purpose of

> (1) Holding that person for ransom or reward, or for any other act to be performed or not performed for the return or release of that person; or
>
> (2) Using the person as a shield or as a hostage; or
>
> (3) Interfering with the performance of any governmental or political function; or
>
> (4) Facilitating the commission of any felony or flight thereafter; or
>
> (5) Inflicting physical injury on or terrorizing the victim or another.
>
> 2. Kidnapping is a class A felony unless committed under subdivision (4) or (5) of subsection 1 in which cases it is a class B felony.

This section is based on the Model Penal Code § 212.1.[4] Section 565.110, Comment to the 1973 Proposed Code. Commentaries to the Model Penal Code note as follows:

> ... paragraph (d) adds a provision against kidnapping 'to interfere with the performance of a governmental or political function.'[5] This specification reaches political terrorism and the like, and classifies such conduct among the most serious kinds of unlawful confinement.

A.L.I., Model Penal Code and Commentaries, Part II, § 212.1, comment 4, p. 228 (1980). More specific examples of the types of activities proscribed by the statute are found in Tentative Draft No. 11 of

**4.** Section 212.1 of the Model Penal Code provides as follows:

A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following purposes:

(a) to hold for ransom or reward, or as a shield or hostage; or

(b) to facilitate commission of any felony or flight thereafter; or

(c) to inflict bodily injury on or to terrorize the victim or another; or

(d) to interfere with the performance of any governmental or political function.

**5.** Section 212.1(d) of the Model Penal Code is identical to section 565.110.1(3).

the Model Penal Code, which states as follows:

> Clause (d) raises to the aggravated felony level certain interference with political and governmental functions which might otherwise be misdemeanors or felonies of the third degree, e.g., abduction of witnesses, candidates, party leaders, officials [and] voters.

A.L.I., Model Penal Code § 212.1, comment 2 to Tentative Draft No. 11 at 18 (1960); *see Commonwealth v. Barfield*, 768 A.2d 343, 347 (Pa.Super.Ct.2001). Additionally, the comments to the Model Penal Code also state as follows:

> The list of purposes in Section 212.1 thus would exclude from kidnapping cases where a parent out of affection takes his child away from another parent or lawful custodian. . . .

A.L.I., Model Penal Code and Commentaries, Part II, § 212.1, comment 4, p. 228 (1980).

▇▇▇ When construing a statute, our primary role is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent *State ex rel. Nixon v. QuikTrip Corp.*, 133 S.W.3d 33, 37 (Mo. banc 2004). We consider the object the legislature seeks to accomplish and aim to resolve the problems addressed therein. *Id.* Further, in construing and applying section 565.110.1(3), it must be presumed the General Assembly intended to adopt the interpretation of that section contained in the applicable comments to the Model Penal Code. *See State v. Welty*, 729 S.W.2d 594, 596 (Mo.App. S.D.1987). In light of these principles and the foregoing comments, we hold that removal of a child from "court ordered care, custody and control," as charged in this case, does not constitute "interference with the performance of any governmental or political function." The comments indicate that interference with political and governmental functions reaches situations of political terrorism and the like, such as the abduction of witnesses, candidates, party leaders, officials, and voters. Here, the removal of the children from "court ordered care, custody and control" was not an act of political terrorism or the like. Further, the comments state that cases where a parent out of affection takes his child away from another parent or lawful custodian are excluded from the purview of the kidnapping statute. Here, the movant was an accessory to a mother's removal of her children from a lawful custodian.

▇▇▇ Because the movant's plea of guilty to kidnapping was predicated on an information that failed to state the essential elements of the offense of kidnapping, the motion court clearly erred in failing to vacate the judgment of conviction. Accordingly, we reverse the motion court and order that the judgment of conviction be vacated. Further, because the kidnapping count and the three counts of kidnapping dismissed by the State pursuant to the plea agreement fail to state the essential elements of that offense, it appears that, as presently worded, these counts should not be pursued. However, the State may reinstate the four counts of interference with custody, which were dismissed as part of the plea agreement and which do state the essential elements of that offense.[6]  *See*

---

6. Reinstatement of charges dismissed pursuant to a plea agreement following a defendant's successful challenge to his conviction has been followed by other jurisdictions, as shown by the cases of *People v. Horne*, 21 Ill.App.3d 10, 314 N.E.2d 633 (1974)(finding that charge that had been *nolle prossed* pursuant to a plea agreement could be reinstated where defendant had successfully appealed and the conviction reversed) and *People v. Clark*, 43 Mich.App. 476, 204 N.W.2d 332 (1972)(finding that, where statute under

*generally, State v. White,* 838 S.W.2d 140, 142–3 (Mo.App. W.D.1992). The cause is remanded for further proceedings.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.

which guilty plea entered was found inapplicable, charges that had been dismissed pursuant to plea agreement could be reinstated

unless barred by the statute of limitations). *See also, People v. Short,* 4 Ill.App.3d 849, 281 N.E.2d 785 (1972).