Melissa A. FLORES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 86069.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 10, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 21, 2006.

Application for Transfer Denied April 11, 2006.

S. Kristine Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Presiding Judge.

### Introduction

Melissa A. Flores ("Movant") appeals from the motion court's judgment denying

her Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Movant claims three points on appeal. We affirm in part and reverse and remand in part.

### Factual Background and Proceedings Below

Viewed in the light most favorable to the judgment, the evidence shows the following: On March 31, 2003, Movant had a supervised visit at Washington County Division of Family Services ("DFS") building with her four children, K.A.F., S.F., H.R.F., and M.A.F. At the time, pursuant to a March 31, 2003 court order, the children were in the custody of the State of Missouri 24th Judicial Circuit Court. Movant took the children out of the front door of the building and put them into a white Chevy Blazer. She had planned to take her children to Honduras, but only made it to Arizona, where she was located and arrested on April 10, 2003.

Movant was charged by information with four counts of the class A felony of kidnapping in violation of Section 565.110.[2] She was also charged with four counts of the class D felony of interference with custody in violation of Section 565.150. Movant pleaded guilty to all of the charges. On February 23, 2004, the plea court sentenced Movant to concurrent terms of twenty years' imprisonment in the Missouri Department of Corrections for each count of kidnapping and four years imprisonment in the Missouri Department of Corrections for each count of interference with custody.

On July 12, 2004, Movant timely filed her *pro se* motion for post-conviction relief. The court appointed counsel later filed an amended motion that raised a claim of an insufficient factual basis for the plea and two claims of ineffective assistance of counsel. On February 15, 2005, the motion court denied Movant's motion for post-conviction relief without an evidentiary hearing.

### Standard of Review

The standard of review of the motion court's denial of relief is limited to a determination of whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Dorsey v. State*, 115 S.W.3d 842, 845 (Mo. banc 2003). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes the motion court made a mistake. *Hayes v. State*, 139 S.W.3d 261, 263 (Mo.App. W.D.2004).

A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the movant pleads facts that if true would warrant relief; and, (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant. *Dorsey v. State*, 115 S.W.3d 842, 844–45 (Mo. banc 2003). To deny a request for an evidentiary hearing, the record must conclusively show the movant is not entitled to relief. *Schmedeke v. State*, 136 S.W.3d 532, 533 (Mo.App. E.D.2004).

### Discussion

Movant raises three points on appeal. We deny two of these points and find no jurisprudential purpose would be served by an exposition of the detailed facts and law with regard to those points.[3] Rule 84.16(b).

---

1. All rule references are to Mo. Rules Crim. P.2003, unless otherwise indicated.

2. All further statutory references are to RSMo.2003 unless otherwise indicated.

3. The parties have been furnished with a memorandum, for their information only, set-

In her first point, Movant contends that the motion court erred in denying her motion for post conviction relief pursuant to Rule 24.035 because the facts stated at the plea proceeding do not establish that she committed the charged acts of kidnapping by removing her children without their consent "for the purpose of interfering with a governmental function." She claims that court ordered custody is not a governmental function as that term is used in the kidnapping statute.

Section 565.110 defines the crime of kidnapping as follows:

1.  A person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of

(1) Holding that person for ransom or reward, or for any other act to be performed or not performed for the return or release of that person; or

(2) Using the person as a shield or as a hostage; or

(3) Interfering with the performance of any governmental or political function; or

(4) Facilitating the commission of any felony or flight thereafter; or

(5) Inflicting physical injury on or terrorizing the victim or another.

2.  Kidnapping is a class A felony unless committed under subdivision (4) or (5) of subsection 1 in which cases it is a class B felony.

This section is based on the Model Penal Code Section 212.1.[4] Section 565.110, Comment to 1973 Proposed Code. Commentaries to the Model Penal Code on the proscribed purposes of that section note the following:

[P]aragraph (d) adds a provision against kidnapping "to interfere with the performance of a governmental or political function."[5] This specification reaches political terrorism and the like, and classifies such conduct among the most serious kinds of unlawful confinement.

Model Penal Code Section 212.1, cmt. 4 (1980). More specific examples of the types of activities proscribed by the statute are found in Tentative Draft No. 11 of the Model Penal Code, which states the following:

Clause (d) raises to the aggravated felony level certain interference with political and governmental functions which might otherwise be misdemeanors or felonies of the third degree, e.g., abduction

ting forth the reasons for our decision pursuant to Rule 84.16(b). These allegations of error assert that the motion court erred in denying Movant's motion for post-conviction relief without an evidentiary hearing based on: (1) her attorney's ineffectiveness for failing to request an independent psychiatric evaluation of her; and (2) her attorney's ineffectiveness for failing to present mitigating evidence at sentencing.

**4.** Model Penal Code Section 212.1 provides as follows:

A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following purposes:
(a) to hold for ransom or reward, or as a shield or hostage; or
(b) to facilitate commission of any felony or flight thereafter, or
(c) to inflict bodily injury on or to terrorize the victim or another; or
(d) to interfere with the performance of any governmental or political function.

**5.** Model Penal Code Section 212.1(d) is identical to Section 565.110.1(3).

of witnesses, candidates, party leaders, officials [and] voters.

Model Penal Code Section 212.1, cmt. 3 (Tentative Draft No. 11, 1960). Further, the Model Penal Code states that "[t]he list of purposes in Section 212.1 thus would exclude from kidnapping cases where a parent out of affection takes his child away from another parent or lawful custodian . . ." Model Penal Code Section 212.1, cmt. 4 (1980).

■ When construing a statute, our primary role is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent. *Spier v. State*, 174 S.W.3d 539, 542 (Mo.App. E.D. 2005). We consider the object the legislature seeks to accomplish and aim to resolve the problems addressed therein. *Id.* Further, in construing and applying Section 565.110.1(3), it must be presumed that the General Assembly intended to adopt the interpretation of that section contained in the applicable comments to the Model Penal Code. *Id.*

The instant case is based on the same incident and events as *Spier.* In *Spier,* the defendant, Steven M. Spier ("Spier"), got into a car with Movant when she took her children from the DFS building during a supervised visit. *Id.* at 540. Spier stayed with Movant and her children for ten days. *Id.* On February 23, 2004, Spier plead guilty to a single count of kidnapping pursuant to a plea agreement that the three other counts of kidnapping and the four counts of interference with custody be dismissed. *Id.* at 540–41. The court sentenced him to fifteen years' imprisonment. *Id.* He filed a *pro se* and then, after counsel was appointed, an amended Rule 24.035 motion for post-conviction relief to set aside his guilty plea. *Id.* at 541. The motion court entered judgment denying

Spier's motion without an evidentiary hearing and Spier's appealed. *Id.*

In *Spier,* this court held that removal of a child from "court ordered care, custody and control," as charged in this case, does not constitute "interference with the performance of any governmental or political function." *Id.* at 542. The comments indicate that interference with political and governmental functions reaches situations of political terrorism and the like, such as the abduction of witnesses, candidates, party leaders, officials, and voters. *Id.* In *Spier,* this court held that the removal of the children from "court ordered care, custody and control" was not an act of political terrorism or the like. *Id.* Additionally, the comments to the Model Penal Code state that cases where a parent out of affection takes her child away from another parent or lawful custodian are excluded from the purview of the kidnapping statute. *Id.*

As in *Spier,* Movant's plea of guilty to kidnapping was predicated on an information that failed to state the essential elements of the offense of kidnapping, therefore the motion court clearly erred in failing to vacate the judgment of conviction. Unlike Spier, Movant was the children's parent. As *Spier* held, cases where a parent out of affection takes his child away from another parent or lawful custodian are excluded from the purview of the kidnapping statute. *Id.* The record reflects that Movant, out of affection, took her own children from the custody of DFS. For this court to hold in *Spier* that even an accessory's plea of guilty to kidnapping was predicated on an information that failed to state the essential elements of the offense of kidnapping, a Movant's removal of her children from a lawful custodian must similarly be excluded from the purview of the kidnapping statute. Therefore, the motion court

clearly erred in not vacating the kidnapping convictions. We reverse and remand on this point only, to the motion court and order that the judgment of conviction for the four counts of kidnapping be vacated. The cause is remanded for further proceedings.

We affirm the remainder of the judgment pursuant to Rule 84.16(b).

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.

