**Ronald Paul RUPERT,**
**Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 89980.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 22, 2008.

Nancy C. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime W. Corman, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

In this post-conviction proceeding, the movant, Ronald P. Rupert, challenges the sufficiency of the information and the plea court's sentencing. First, the movant asserts that the plea court lacked jurisdiction to accept his guilty plea and to sentence him due to the insufficiency of the information. Second, the movant alleges that the plea court erred when it deviated from its oral pronouncement of sentence and entered a written judgment of consecutive terms of imprisonment. The motion court denied the movant's claims and he appeals. Because the circuit court's jurisdiction is not dependent on the sufficiency of the information and because a challenge to the sufficiency of the information is not cognizable in a post-conviction proceeding, we affirm the motion court's judgment denying relief on the movant's first claim. However, because the plea court erred in its entry of judgment, the motion court likewise erred in denying relief on the movant's second claim. Therefore, we reverse the motion court on this point and

remand the cause for entry of the proper judgment.[1]

### Factual Background

The State charged the movant by information with four counts of second-degree statutory rape, Section 566.034 RSMo. 2000.[2] The movant pleaded guilty to all four counts. At sentencing, the State recommended sentences of three years on each count; the movant requested probation. The plea court denied the movant's request and pronounced sentence, stating as follows:

> ... the Court is hereby going to sentence you to three years in the Department of Corrections on each count.

In its written Judgment and Sentence, dated October 4, 2005, the same day as its oral pronouncement of sentence, the plea court ordered the sentences to run consecutively.

The movant filed a motion to correct judgment, requesting that the court remove all "consecutive" language in order to conform the written judgment to the court's oral pronouncement of sentence. The movant correctly noted that the plea court did not order his sentences to run consecutively at oral pronouncement of sentence in open court. Thus, the movant argued, pursuant to Section 558.026, these sentences should run concurrently. At a hearing on the movant's motion, the plea court acknowledged that it did not remember saying in open court that the counts were to run consecutively. Nevertheless, the court stated, it had always intended to impose consecutive terms of imprisonment. The court expressed a willingness to bring the movant back into open court for oral pronouncement of consecutive sentences. Movant's counsel declined this offer. In the end, the plea court denied the movant's motion to correct the judgment.

The movant then filed a *pro se* motion to vacate, set aside or correct the judgment. Appointed counsel then filed an amended motion for post-conviction relief. The movant propounded two grounds for relief. First, he alleged that the information in this case was fatally defective because it did not charge a criminal offense that he would be capable of committing; therefore, he argued, the trial court never obtained jurisdiction to accept his guilty plea or to sentence him. Secondly, the movant asserted that the written judgment improperly recorded that his three-year sentences should run consecutively, because he was sentenced to concurrent terms during the oral pronouncement of sentence, which controls. The motion court denied both of the movant's claims for relief, holding first that the court had jurisdiction and that the information was sufficient. As to the sentencing issue, the motion court held that Section 588.026.1 required consecutive sentences. The movant appeals, alleging that the motion court clearly erred in denying relief on both of his claims. We will consider each of the movant's contentions in turn.

### Standard of Review

This Court's review of a motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Dorsey v. State,* 115 S.W.3d 842, 845 (Mo. banc 2003); *Flores v. State,* 186 S.W.3d 398, 399 (Mo. App. E.D.2006). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm im-

---

1. We deny all pending motions.

2. All statutory references are to RSMo 2000.

pression that a mistake has been made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997); *Flores*, 186 S.W.3d at 398.

### Discussion

### Sufficiency of Information

The movant alleges the motion court clearly erred in denying relief on his claim of an insufficient information. The movant contends the information in this case is fatally defective in that it does not charge a criminal offense that he would be capable of committing.[3] Therefore, he argues, because the information was fatally defective, the trial court never obtained jurisdiction to accept his guilty plea or to sentence him. Accordingly, the movant contends that because the plea court lacked jurisdiction, his convictions must be set aside.

In denying relief, the motion court noted that subject-matter jurisdiction and sufficiency of an information are two distinct concepts. The court held it had jurisdiction and that, further, the information was sufficient. We find no clear error. The movant's challenge fails for two reasons: (1) an insufficient information does not affect the court's jurisdiction to accept a plea and impose sentence; and (2) his challenge to the sufficiency of the information is not cognizable in a post-conviction relief proceeding.

■ The movant asserts that because the information here was fatally defective, the plea court never had jurisdiction and, therefore, his convictions must be set aside. In support of this argument, the movant relies on two decisions, *State v. Smith*, 825 S.W.2d 388 (Mo.App. S.D.1992), and *State v. Collins*, 154 S.W.3d 486 (Mo.

App. W.D.2005). In *Smith*, the court found that the information was fatally defective because it failed to charge an essential element of the charged crime. Therefore, the court held, the trial court never obtained jurisdiction and the conviction was a nullity. *Smith*, 825 S.W.2d at 391. A like result was reached in the *Collins* decision. There, the defendant was convicted of third-degree assault. On appeal, the court first found that third-degree assault was not a lesser-included offense of the charged crimes. *Collins*, 154 S.W.3d at 497. The court then held that because the State failed to charge the defendant with third-degree assault, the trial court lacked jurisdiction to enter a conviction thereon, rending the trial court's judgment purporting to convict the defendant of third-degree assault a nullity, and requiring the judgment of conviction to be set aside and held for naught. *Id.* The movant's reliance is misplaced.

■ The jurisdiction of the trial court is not dependent on the sufficiency of the information. *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo. banc 1992). The Supreme Court explained that subject-matter jurisdiction of the circuit court and the sufficiency of the charging document are two distinct concepts. *Parkhurst*, 845 S.W.2d at 34–35. It is true that a person cannot be convicted of a crime with which the person was not charged unless it is a lesser-included offense of a charged offense. *Parkhurst*, 845 S.W.2d at 35. Nevertheless, the Court explained, circuit courts have subject-matter jurisdiction to try crimes. *Id.* "Cases stating that jurisdiction is dependent upon the sufficiency of the indictment or information mix separate

---

**3.** The movant argues that by operation of Sections 566.034 and 566.010(4), one male cannot commit the statutory rape of another male. Accordingly, the movant contends that no criminal offense was charged in any of the

four counts because the victims named were allegedly male and because there was no allegation that he acted in concert with any other perpetrator.

questions." *Id.* The Court directed that any language, such as that contained in *Montgomery v. State,* 454 S.W.2d 571, 575 (Mo.1970), *State v. Gilmore,* 650 S.W.2d 627 (Mo. banc 1983), *State v. Brooks,* 507 S.W.2d 375 (Mo.1974), and their progeny, stating that jurisdiction is dependent upon the sufficiency of the indictment or information, should not be relied on in the future. *Id.* Included among these progeny is the *Smith* decision, upon which the movant relies. The *Smith* decision, which predates the *Parkhurst* case, cites the criticized *Gilmore* decision as authority for its holding that the court acquires no jurisdiction if the charging instrument is insufficient. The *Collins* case, also relied on by the movant, and decided after the *Parkhurst* case, fails to acknowledge *Parkhurst's* holding. The *Collins* court relied on the *Smith* decision as well as the criticized *Brooks* decision as authority that "a conviction based on an offense not properly charged in the charging instrument is a nullity, as the trial court acquires no jurisdiction over non-charged offenses." *Collins,* 154 S.W.3d at 497. Again, as explained in *Parkhurst,* jurisdiction of the circuit court is distinct from, and not dependent on, the sufficiency of the charging instrument. In sum, because the plea court's jurisdiction is not dependent on the sufficiency of the information, the movant's first challenge is unavailing.

 Even if we excise the jurisdictional component from the movant's challenge, he still is entitled to no relief premised on the insufficiency of the information. Such a challenge is not cognizable in a post-conviction relief proceeding. *Dodds v. State,* 60 S.W.3d 1, 5 (Mo.App. E.D.2001); *Elverum v. State,* 232 S.W.3d 710, 717 (Mo.App. E.D.2007); *Soutee v. State,* 51 S.W.3d 474, 480 (Mo.App. S.D. 2001). "A person who pleads guilty to a criminal offense has a right to challenge the sufficiency of the information or indictment by direct appeal." *Dodds,* 60 S.W.3d at 6 (citing *State ex rel. Simmons v. White,* 866 S.W.2d 443, 447 n. 4 (Mo. banc 1993)). The movant should have raised his claim on direct appeal. *Dodds,* 60 S.W.3d at 6; *Elverum,* 232 S.W.3d at 717; *Soutee,* 51 S.W.3d at 480. He failed to do so. "A post-conviction motion does not substitute for a direct appeal." *State v. Tolliver,* 839 S.W.2d 296, 298 (Mo. banc 1992). Issues that could have been raised on direct appeal may not be raised in post-conviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *Tolliver,* 839 S.W.2d at 298; *Dodds,* 60 S.W.3d at 6. In *Spier v. State,* 174 S.W.3d 539 (Mo.App. E.D.2005), this author allowed post-conviction review of the information's sufficiency without noting that such review is only proper when fundamental fairness requires and only in rare and exceptional circumstances. Although fundamental fairness may have compelled the adjudication of the post-conviction claim in *Spier* that the movant was actually innocent of the offenses to which he pleaded guilty, the *Spier* case should not be read to allow post-conviction review absent such extraordinary circumstances. Here, fundamental fairness does not require the adjudication of movant's claim that the information is insufficient. Therefore, post-conviction review is unavailable. We deny this point and affirm the motion court's judgment as to this claim.

*Sentencing contrary to the Oral Pronouncement*

 The movant's second post-conviction claim alleges the written judgment improperly records that his three-year sentences should run consecutively, because he was sentenced to concurrent terms during the oral pronouncement of

sentence, which controls. The movant's argument on this point is well taken.

Generally, the written sentence and judgment should reflect the trial court's oral pronouncement of sentence before the defendant. *State v. Patterson,* 959 S.W.2d 940, 941 (Mo.App. E.D.1998). "A defendant has a right to be present at the time of sentencing." *Patterson,* 959 S.W.2d at 941; *see also,* Rule 29.07(b)(2) ("If the defendant has been convicted of a felony, he must be personally present when sentence and judgment are pronounced."); *see also* Sections 546.550–546.560. Accordingly, "the court should enter the sentences as orally pronounced, unless the record shows the oral sentence was not materially different from the written sentence or the judge has no discretion to pronounce a sentence different from the written sentence." *Patterson,* 959 S.W.2d at 941.

Section 558.026.1 provides that "[m]ultiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively." Here, at its oral pronouncement of sentence, the plea court did not specify that the movant's sentences were to run consecutively. Rather, the record is silent on this point, recording only that the court was sentencing the movant "to three years in the Department of Corrections on each count." Accordingly, by operation of Section 558.026.1, the sentences, as orally pronounced, are to run concurrently. However, the plea court, in its written sentence and judgment, ordered the movant's sentences to run consecutively. Obviously, the written sentence and judgment materially deviated from the court's oral pronouncement; the court effectively increased the movant's multiple sentences by causing them to run consecutively.

Accordingly, the movant sought to have the written judgment corrected, to reflect concurrent, rather than consecutive, sentences, in conformity with the court's oral pronouncement. The motion court acknowledged the difference between the written judgment and the court's oral pronouncement of sentence. Nevertheless, the motion court denied the movant's claim for relief, finding that consecutive sentences were mandated by Section 558.026.1, which provides:

Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

In interpreting statutes, courts are to ascertain the intent of the legislature, as expressed in the words of the statute. *United Pharmacal Co. of Missouri, Inc. v. Missouri Bd. of Pharmacy,* 208 S.W.3d 907, 909 (Mo. banc 2006). In so doing, courts are to give the language used its plain and ordinary meaning. *Id.* "Where the language is clear and unambiguous, there is no room for construction." *Hyde Park Housing Partnership v. Director of Revenue,* 850 S.W.2d 82, 84 (Mo. banc 1993). The express language of the Section 558.026.1 is clear; the offense of statutory rape, to which the movant pleaded, is not among the enumerated offenses, for which consecutive sentences are mandated.

When, as here, a statute " 'enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned.' " *McNally v. St. Louis County Police Dept.,* 17 S.W.3d 614, 616 (Mo.App. E.D.2000) quoting *Greenbriar Hills v. Director of Revenue,* 935 S.W.2d 36, 38 (Mo. banc 1996). The motion court erred in concluding that Section 558.026.1 required consecutive sentences in this case.

 It is true that a court may amend its oral pronouncement of sentence. In criminal cases, the circuit court retains jurisdiction and can amend its oral pronouncement of sentence, but only if the court calls the defendant back into court, and then only to the point when the court reduces its judgment to writing. *State v. Dailey,* 53 S.W.3d 580, 584 (Mo.App. W.D. 2001); *State v. Burrell,* 944 S.W.2d 948, 951 (Mo.App. W.D.1997). Here the plea court did not have the movant return to court for resentencing or for clarification of the court's oral pronouncement before the court reduced its judgment to writing. Instead, the court merely issued its written judgment and sentence, ordering consecutive sentences. "A 'judgment derives its force from the rendition of the court's judicial act, and not from the ministerial act of its entry upon the record.' " *Patterson,* 959 S.W.2d at 941 (quoting *State v. Williams,* 797 S.W.2d 734, 738 (Mo.App. 1990)). "When the two are in conflict, the oral sentence controls, and the written judgment is erroneous." *Patterson,* 959 S.W.2d at 941. Without the movant being present, the court had authority only to enter the multiple sentences as orally pronounced. *Burrell,* 944 S.W.2d at 951; *State v. Cooper,* 712 S.W.2d 27, 33 (Mo. App. E.D.1986). " 'This authority must be strictly limited. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility

of windfalls to a few prisoners.' " *Cooper,* 712 S.W.2d at 33 (quoting *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 255 (9th Cir.1974)). The court had to pronounce the increase of the movant's multiple sentences in the presence of the movant to make that increase a valid sentence. *See Cooper,* 712 S.W.2d at 33; *see also, Burrell,* 944 S.W.2d at 951. It did not do so.

The State argues that, because the court's initial oral pronouncement, as exactly stated, was not correctly reduced to a written judgment, the court had not yet exhausted its jurisdiction at the time of the hearing on the movant's motion to correct the judgment. The State thus contends that the plea court was therefore free to recall and orally re-sentence the movant to consecutive sentences. Consequently, the State argues, because the movant did not accept the Court's offer to be resentenced, he has waived any objection to his sentence. The State is in error. Even if the movant had returned to court for resentencing, any pronouncement by the court at that time would have been of no effect. The court here exhausted its jurisdiction to amend its oral sentence with the making of a written record on October 4, 2005. *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979); *State v. White,* 646 S.W.2d 804, 809 (Mo.App. W.D.1982); *see also, State v. Bulloch,* 838 S.W.2d 510, 514 (Mo.App. W.D.1992)(holding that court could not correct sentence *nunc pro tunc* ).

Thus, because the record is silent at oral pronouncement of sentence as to whether the movant's multiple sentences were to be served concurrently or consecutively, the sentences must run concurrently by operation of Section 558.026.1. Without returning the movant to open court, the plea court rendered written judgment and sentence, ordering the sentences to be served consecutively. This materially deviates from the court's oral pronouncement of

sentence. Further, the motion court erred in concluding that Section 558.026.1 required consecutive sentences because statutory rape is not among the statutorily-enumerated offenses, for which consecutive sentences are mandatory. The plea court should have entered sentence as orally pronounced. Lastly, the plea court exhausted its jurisdiction to amend the sentence, on October 4, 2005. Any attempts to amend sentencing after this date would have been of no effect. The plea court's oral pronouncement sentenced the movant to three years in the Department of Corrections on each of the four counts of second-degree statutory rape, said sentences to be served concurrently. Because we conclude that the motion court clearly erred in denying the movant relief on this point, we grant his point and reverse the motion court on this issue. We remand the cause with instructions to forthwith correct the written sentence and judgment in Cause Number 10R080500001 to conform to the court's oral pronouncement of sentence by removing any reference in the judgment to consecutive sentences and by ordering the sentences imposed on the four counts of second-degree statutory rape to run concurrently with one another.

BOOKER T. SHAW, J., and KURT S. ODENWALD, J., concur.