**STATE of Missouri, Respondent,**

v.

**Dewayne PATTERSON, Appellant.**

No. 71801.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1998.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cristi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Dewayne Patterson, appeals from the judgment entered on his convictions of attempted forcible sodomy, Section 566.060 RSMo 1994, and forcible rape, Section 566.030 RSMo 1994, following a jury trial. The trial judge, following the jury's recommendations, orally sentenced Defendant to concurrent terms of fifteen years for attempted forcible sodomy and ten years for forcible rape. However, the written sentence and judgment indicate that Defendant was convicted of forcible sodomy and attempted forcible rape and sentenced to ten years for forcible sodomy and fifteen years for attempted forcible rape. We affirm the judgment on the convictions of attempted forcible sodomy and forcible rape and remand for correction of written judgment and sentence.

Defendant's first point challenges the sufficiency of the evidence. We have reviewed the briefs of the parties and the record on appeal, and find no error. No jurisprudential purpose would be served by a written opinion as to Defendant's point I. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision.

In his second point, Defendant asserts the trial court erred in entering written sentences and convictions in the sentence and judgment that differed from the court's oral pronouncements, violating Defendant's due process rights. The State concedes that the trial judge erred in entering a written sentence inconsistent with that stated at the sentencing hearing.

In criminal cases, generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant. *State v. Johnson*, 864 S.W.2d 449, 451 (Mo.App.1993). A trial court may, however, amend its oral pronouncement of sentence until it is reduced to written judgment. *State v. Burrell*, 944 S.W.2d 948 (Mo.App.1997); *Johnson*, 864 S.W.2d at 451; *State v. Johnson*, 861 S.W.2d 807, 809 (Mo.App.1993). Until that time, the trial court retains jurisdiction and may call the defendant back for re-sentencing. *Id.* Nothing in the record indicates Defendant was returned to court for re-sentencing or for clarification of the court's original oral pronouncement. A defendant has a right to be present at the time of sentencing. *Id.* Therefore, the court should enter the sentences as orally pronounced, unless the record shows the oral sentence was not materially different from the written sentence or the judge has no discretion to pronounce a sentence different from the written sentence. *See Johnson v. State*, 938 S.W.2d 264 (Mo. banc 1997).

The written sentence and judgment deviated from the oral pronouncement. Additionally, a "judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record." *State v. Williams*, 797 S.W.2d 734, 738 (Mo.App.1990). When the two are in conflict, the oral sentence controls, and the written judgment is erroneous. *Williams*, 797 S.W.2d at 738; *Plant v. State*, 608 S.W.2d 91 (Mo.App.1980).

The record shows, and both parties agree, that the oral sentence differed materially from the written one and the judge had

discretion to pronounce a sentence different from the written sentence. *Cf. Johnson v. State,* 938 S.W.2d 264 (Mo. banc 1997). Therefore, the case must be remanded for entry of a corrected sentence and judgment consistent with the oral pronouncement.

The judgment of the trial court on the convictions of attempted forcible sodomy and forcible rape is affirmed in accordance with Rule 30.25(b). We remand only for entry of a corrected written judgment and sentence.

CRANDALL and KAROHL, JJ., concur.