STATE of Missouri, Respondent,

v.

Tommie **FRANKLIN, Appellant.**

No. 66865.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 1, 1998.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant, Tommie Franklin, appeals from the judgment entered on his convictions of murder in the second degree and armed criminal action, following a jury trial, and the motion court's denial of his Rule 29.15 motion without an evidentiary hearing. The trial judge orally sentenced Defendant to twenty-five years of imprisonment for murder in the second degree and five years of imprisonment for armed criminal action, with the sentences to run concurrently. However, the written sentence and judgment indicate the trial court sentenced Defendant to twenty-five years of imprisonment for murder in the second degree and ten years of imprisonment for armed criminal action. We affirm the judgment on the convictions and remand for correction of written sentence and affirm the judgment denying the Rule 29.15 motion.

▉ In his first point, Defendant asserts the trial court erred in entering a written sentence that differed from the trial court's oral pronouncement, violating Defendant's due process rights. Similarly, the Defendant asserts the motion court clearly erred in failing to correct the written sentence and judgment to reflect the trial court's oral pronouncement. The trial court must have entered the sentence as orally pronounced, unless the record showed the oral sentence was not materially different than the written sentence or the judge had no discretion to pronounce sentence different from the written sentence. *State v. Patterson*, 959 S.W.2d 940 (Mo.App.1998). The trial court erred. The case must be remanded for entry of a corrected five-year sentence for armed criminal action, consistent with the oral pronouncement.

Defendant further argues the trial court erred in overruling defense objections and permitting witness Stephanie Hubbard to testify to Lillian Wade's hearsay statement and in overruling defense objections and permitting the State to introduce testimony from a police detective regarding witness Stephanie Hubbard's prior consistent statements. Moreover, Defendant contends the motion court clearly erred by denying Defendant's post-conviction claim for ineffective assistance of counsel. We have reviewed the briefs of the parties and the record on appeal, and find no error. No jurisprudential purpose would be served by a written opinion as to Defendant's points two, three and four. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision.

The judgment of the trial court on the convictions of murder in the second degree and armed criminal action is affirmed. We

remand only for entry of a corrected written sentence. The judgment of the motion court denying defendants Rule 29.15 motion is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.