STATE of Missouri, Respondent,

v.

Joami KINDELL, Appellant.

No. ED 79218.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 2001.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

Before RICHARD B. TEITELMAN, P.J., GARY M. GAERTNER, SR., J. and CLIFFORD H. AHRENS, J.

### ORDER

PER CURIAM.

Joami Kindell (Defendant) appeals from the judgment entered following a bench trial in which he was convicted of felony murder in the second degree in violation of § 565.021 RSMo 2000 [1] (Count I), attempted forcible rape in violation of § 566.030 (Count II), burglary in the first degree in

violation of § 569.160 (Count III), and felony stealing in violation of § 570.030 (Count IV). At its oral pronouncement of sentence on February 23, 2001, the court sentenced Defendant to the following terms of imprisonment: 18 years on Count I, 14 years on Count II, 8 years on Count III, and 2 years on Count IV, with the sentences on Counts I, III and IV all to run concurrently with each other but consecutively with the sentence of 14 years on Count II.

On appeal, Defendant (1) challenges the sufficiency of evidence with respect to Count I; (2) contends, with respect to Count II, that the court committed plain error in violation of his right to be free from double jeopardy, when it convicted him of the lesser included offense of attempted forcible rape after having earlier acquitted him of the greater offense of forcible rape; and (3) argues that the court erred when it issued his written sentence because the written sentence is stated in a manner that is confusing and ambiguous, could be interpreted in a way that varies from his oral sentence, and that this alleged mistake prejudices him because it might later mislead the Department of Corrections as to the actual length of his sentence.[2]

We have reviewed the briefs of the parties, the legal file and transcript. No error of law appears: (1) we find sufficient evidence from which a reasonable trier of fact could have found Defendant guilty of the felony murder beyond a reasonable doubt, and there was no prejudicial variance between the crime as charged in the information and the proof at trial; (2) no double jeopardy violation occurred; and

---

1. All further statutory references are to RSMo 2000.

2. As to his claim of sentencing error, Defendant cites in support thereof *State v. Patterson*, 959 S.W.2d 940, 941 (Mo.App. E.D. 1998).

(3) Defendant's written sentence, though not a model of clarity in all respects, nevertheless reflects and is consistent with the oral pronouncement of sentence indicated earlier in this order.[3]

As a written opinion would serve no jurisprudential purpose, we affirm the judgment pursuant to Rule 30.25(b).

**3.** Any different interpretation of Defendant's written sentence, now or in the future, would