Andrea MURPHY, Claimant/Appellant,

v.

JUST ROY, INC., and Division
of Employment Security,
Respondents.

No. ED 87641.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 25, 2006.

Cynthia A. Quetsch, Jefferson City, MO,
for Respondent.

Andrea Murphy, Saint Louis, MO,
Claimant/Appellant acting pro se.

Just Roy, Inc., Saint Louis, MO, Re-
spondent acting pro se.

GLENN A. NORTON, C.J.

Claimant Andrea Murphy appeals the
decision of the Labor and Industrial Rela-
tions Commission (Commission) dismissing
her application for review regarding her
unemployment benefits. We dismiss her
appeal.

A deputy of the Division of Employment
Security denied Claimant's application for
unemployment benefits, concluding she
had left work voluntarily without good
cause attributable to her work or employ-
er. Claimant sought review of that deci-
sion with the Appeals Tribunal, which dis-
missed her appeal after she twice failed to
participate in a scheduled telephone hear-
ing. Claimant filed an application for re-
view with the Commission, which dis-
missed her application as untimely.
Claimant has now appealed to this Court.

In unemployment matters, the statute
provides an aggrieved party with thirty
(30) days from the mailing of the Appeals
Tribunal decision to file an application for
review with the Commission. Section
288.200.1, RSMo 2000. The statute sets
forth no exceptions to the thirty-day re-
quirement. As a result, the failure to file
a timely application for review divests the
Commission of jurisdiction and it can only
dismiss the application for review. *Brown
v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.
App. E.D.2003).

The Appeals Tribunal mailed its
decision to Claimant on August 1, 2005.
Her application for review was due thirty
days later, on August 31, 2005. Section

288.200.1. Claimant filed her application for review by fax on December 16, 2005, almost four months past the deadline, and it was untimely. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. In addition, this Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Brown*, 105 S.W.3d at 855.

We issued an order directing Claimant to show cause why her appeal should not be dismissed for lack of jurisdiction. In addition, the Division has filed a motion to dismiss her appeal. Claimant has not filed a response, but she did file a brief. In her brief, she acknowledges the motion to dismiss, but asks this Court to address the merits of her appeal. However, no matter the reasons for the lateness of her application for review, its lateness automatically deprives the Commission, and ultimately this Court, of jurisdiction over the merits of her case. *Id.* The statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.