Gerald A. SHAW, Jr., Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 30814.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 17, 2011.

---

Matthew M. Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Robert Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Gerald Shaw (Shaw) appeals from an order denying his amended Rule 24.035 motion to correct the written judgment concerning his convictions for kidnapping and stealing. See §§ 565.110, 570.030.[1] The written judgment stated that Shaw's sentences of 15 and four years were to be served consecutively. In Shaw's amended motion, he requested the motion court to correct the written judgment to state that the sentences were to be served concurrently in conformity with the court's oral pronouncement of the sentences. The motion court denied Shaw's request to correct the judgment. Because the written judgment did not conform to the court's oral pronouncement of sentence, the motion court's decision not to correct the judgment was clearly erroneous. Accordingly, we reverse the motion court's ruling on that issue and remand the cause so the court can correct the written judgment to conform to the oral pronouncement at sentencing. In all other respects, we affirm the order denying relief.[2]

## I. Factual and Procedural History

In May 2005, Shaw was charged in a seven-count information with: the class B felony of kidnapping (Count I); the class B felony of first-degree attempted assault (Count II); the unclassified felony of armed criminal action (Count III); two counts of the class C felony of felonious restraint (Counts IV and V); the class B felony of first-degree burglary (Count VI); and the class C felony of stealing (Count VII).

In March 2007, Shaw entered guilty pleas to the Count I charge of kidnapping and the Count VII charge of stealing pursuant to a plea agreement. In exchange for guilty pleas to those two counts, the State agreed to dismiss the remaining five counts. The State also agreed to allow a sentencing assessment report (SAR) to be prepared. The State intended to recommend a 15–year sentence on Count I and a consecutive four-year sentence on Count VII. Shaw's counsel intended to ask that a lesser sentence be imposed.

Elaine Matthews, an official court reporter for the 33 Judicial Circuit, was present at the sentencing hearing and recorded the proceedings. A transcript of that hearing was filed with this Court as part of the record on appeal. As required by Rule 30.04(g), the transcript contains the following court reporter's certificate:

> I, ELAINE MATTHEWS, Official Reporter of the 33rd Judicial Circuit, State of Missouri, hereby certify that I was present on April 27, 2007, and reported the proceedings had in the case of STATE OF MISSOURI, Plaintiff, v. GERALD SHAW, JR., Defendant, Case No. 05SO–CR00005. I further certify

---

1. All rule references are to Missouri Court Rules (2011). All statutory references are to RSMo Cum.Supp. (2004) unless otherwise specified.

2. Shaw's Rule 24.035 motion raised another claim of error. Relief on this claim was denied, and Shaw has not appealed from that ruling.

that the foregoing 13 pages contain a complete and accurate reproduction of said proceedings.

In witness whereof, I hereby sign this date: July 17, 2007 [signature of Elaine Matthews]

According to this certified transcript, the plea court recounted the terms of the plea agreement on the record. The judge then stated: "From the agreement the Prosecutor was going to recommend a 15–year sentence on Count I, and a four-year sentence on Count [VII], to run *concurrent.*" (Emphasis added.) The prosecutor said nothing in response to this statement. Shaw's counsel asked that a lesser sentence be imposed. The judge then orally pronounced the following sentence: "[I]n keeping with the plea and finding, it is the order, sentence, and judgment that the Defendant be committed to a term of 15 years in Count I, and in Count [VII] to a term of four years. Those sentences to run *concurrent.*" (Emphasis added.) After the judge orally pronounced concurrent sentences, the prosecutor again said nothing. Thereafter, a written judgment was entered stating that Shaw's sentences were to run "consecutive with each other."

Shaw filed a timely *pro se* Rule 24.035 motion for post-conviction relief. Thereafter, appointed counsel filed an amended motion. The amended motion alleged, *inter alia,* that the written judgment was inconsistent with the plea court's oral pronouncement that Shaw's two sentences were to be served concurrently. Shaw therefore requested that "the sentence in the instant case should be amended forthwith to reflect that concurrent—not consecutive—sentences were imposed at the time of sentencing. . . ."

In June 2008, an evidentiary hearing was conducted before the same judge who had accepted Shaw's guilty plea and imposed the sentences. At the beginning of the hearing, Shaw's motion counsel asked the court to correct the written judgment to conform to the oral pronouncement that the sentences were to run concurrently. In response, the judge stated:

Seems to me the issue is . . . whether or not the transcript as prepared by the court reporter is different than the sentence and judgment that was signed by the Court. . . .

I thought I had imposed a consecutive sentence, which is outlined in the Defendant's motion to enter a plea of guilty. That the plea arrangement was for a consecutive sentence, even though the Defendant would be able to argue for less at the time of the sentencing.

I thought I had sentenced him to consecutive sentencing at the time of the hearing. So it will come down to what is controlling, whether it is the typed transcript of the court reporter, or whether it is the signed sentence and judgment that the Court issued.

The sentence and judgment the Court issued shows consecutive sentence. The transcript prepared by the court reporter shows concurrent sentencing. I think the Court of Appeals is going to have to say which one controls, whether it is the consecutive sentence, and the original sentence and judgment, or whether it [is] the transcript that was provided by the court reporter.

You know, and I thought at the time I sentenced him to consecutive sentencing. That is what my notes [say]. I don't know how to do that other than to say here is the record, Court of Appeals. You have to decide which one you think is correct.

Plea counsel testified that: (1) her notes indicated the sentences were to run consecutively; and (2) she believed Shaw had received consecutive sentences at the sentencing hearing.

Thereafter, the motion court entered its findings of fact, conclusions of law and order denying post-conviction relief. With respect to Shaw's request that the written judgment be corrected to show concurrent sentences, the court stated:

> The record in the case below is contradictory in terms of whether said sentences were to run concurrently or consecutively. According to the formal Judgment papers, testimony of Defendant's plea counsel, testimony of the plea, Prosecuting Attorney, and the notes of the trial Judge, the sentences were to run consecutively to one another. However, according to the official transcript of the sentencing hearing the sentencing Court ordered the sentences to run concurrently with one another.

The court denied Shaw's request to correct the written judgment to conform to the oral pronouncement at sentencing. This appeal followed.

## II. Standard of Review

Shaw bore the burden of proving the grounds asserted in his motion requesting post-conviction relief by a preponderance of the evidence. Rule 24.035(i); *Harris v. State,* 184 S.W.3d 205, 209 (Mo.App.2006). Appellate review of an order denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Soto v. State,* 226 S.W.3d 164, 166 (Mo. banc 2007). The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Id.*

## III. Discussion and Decision

■ In Shaw's single point on appeal, he contends the motion court clearly erred by failing to correct the written judgment to conform to the oral pronouncement at the sentencing hearing that Shaw's sentences were to run concurrently. We agree.

■ It is well settled that "the written sentence and judgment in a criminal case may not deviate from the court's oral pronouncement of sentence." *Hastings v. State,* 308 S.W.3d 792, 796 (Mo.App.2010); *see State ex rel. Zinna v. Steele,* 301 S.W.3d 510, 514 (Mo. banc 2010). In *State v. Patterson,* 959 S.W.2d 940 (Mo.App. 1998), the eastern district of this Court explained:

> In criminal cases, generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant. A trial court may, however, amend its oral pronouncement of sentence until it is reduced to written judgment. Until that time, the trial court retains jurisdiction and may call the defendant back for resentencing. Nothing in the record indicates Defendant was returned to court for re-sentencing or for clarification of the court's original oral pronouncement. A defendant has a right to be present at the time of sentencing. Therefore, the court should enter the sentences as orally pronounced, unless the record shows the oral sentence was not materially different from the written sentence or the judge has no discretion to pronounce a sentence different from the written sentence.

*Id.* at 941 (citations omitted). Further, the judgment derives its force from the rendition of the court's judicial act, not from the ministerial act of its entry upon the record. *Id.* "When the two are in conflict, the oral sentence controls, and the written judgment is erroneous." *Id.* In *Patterson,* the oral sentence differed materially from the written judgment, and the judge had the ability to impose the sentence orally pro-

nounced at the sentencing hearing. *Id.* at 941–42. The eastern district concluded that the case had to be remanded for the entry of a corrected sentence and judgment consistent with the court's oral pronouncement. *Id.* at 942.

We reach the same conclusion here. Nothing in the record indicated Shaw was returned to court for re-sentencing or for clarification of the court's original oral pronouncement before the entry of the written judgment, and it was within the sentencing judge's discretion whether to impose consecutive or concurrent sentences in Shaw's case. *See, e.g.,* § 558.026 RSMo (2000); *State v. Mort,* 321 S.W.3d 471, 485 (Mo.App.2010). Because there is no question here that the oral pronouncement of concurrent sentences is materially different than the written judgment indicating consecutive sentences, "the oral sentence controls, and the written judgment is erroneous." *Patterson,* 959 S.W.2d at 941; *see State ex rel. Zinna,* 301 S.W.3d at 516 (written judgment stating consecutive sentencing is materially different than concurrent sentencing indicated in oral pronouncement; oral sentence controls).

In reaching this conclusion, we reject the State's argument that the motion court "implicitly found" that there was an error in the transcript of the sentencing hearing. The motion court made no such express finding. Based upon our review of the transcript from the evidentiary hearing, we find no support whatsoever for the State's argument that the judge made an implicit finding to that effect. In point of fact, what the judge said was that he "thought" he had imposed consecutive sentences. He never stated that the official transcript was in error.

More importantly, there is an established procedure for challenging the accuracy of a transcript in Rule 30.04(g), which states:

> If there is any dispute concerning the correctness of any legal file or transcript, or if the parties fail to agree within a reasonable time as to its correctness, the legal file or transcript shall be settled and approved by the trial court.

If the State believed there was an error in the transcript from the sentencing hearing, it was essential for the State to formally ask the trial court to settle and approve the transcript pursuant to Rule 30.04(g). *See, e.g., State v. Hughes,* 748 S.W.2d 733, 740 (Mo.App.1988). The first step in that process was for the State to exercise due diligence in challenging the accuracy of the transcript of the sentencing hearing. *See State v. Fults,* 719 S.W.2d 46, 48–49 (Mo. App.1986). If the State had filed a motion to have the transcript corrected pursuant to Rule 30.04(g), the motion court could have held a hearing and heard testimony from court reporter Matthews concerning her notes relating to the sentencing hearing (and perhaps a backup tape-recording as well) to ascertain whether there was, in fact, any error in the transcript she prepared. Because the procedure set forth in Rule 30.04(g) was not followed here, this Court is bound by the certified transcript from the sentencing hearing, which clearly states that Shaw's sentences are to "run concurrent." *See State v. Brookshire,* 353 S.W.2d 681, 684 (Mo.1962); *White v. St. Louis Teachers Union, Div. of Employment Sec.,* 217 S.W.3d 382, 392 (Mo.App. 2007). The oral pronouncement at the sentencing hearing is controlling. *See State ex rel. Zinna,* 301 S.W.3d at 516; *Patterson,* 959 S.W.2d at 941. After a thorough review of the record, we are left with a definite and firm impression that a mistake has been made. *See Soto v. State,* 226 S.W.3d 164, 166 (Mo. banc 2007); Rule 24.035(k). Therefore, the motion court clearly erred in failing to correct the written judgment to conform to the oral pro-

nouncement that Shaw's sentences were to run concurrently. Shaw's point is granted.

When it is determined in a post-conviction proceeding that a written sentence differs materially from the oral pronouncement of sentence, "[a] limited remand is necessary for the trial court to correct the written judgment to reflect the oral pronouncement of sentence." *Hall v. State,* 190 S.W.3d 533, 535 (Mo.App.2006); *Etenburn v. State,* 341 S.W.3d 737, 739 (Mo.App.2011); *Samuel v. State,* 156 S.W.3d 482, 484 (Mo.App.2005); *Patterson,* 959 S.W.2d at 942; Rule 24.035(j) (motion court may "correct the judgment and sentence as appropriate").

We reverse the motion court's ruling that Shaw was not entitled to have his written sentence corrected. The case is remanded with instructions that the motion court enter an amended written judgment stating that Shaw's 15–year and four-year sentences are to run concurrently. In all other respects, the motion court's order denying postconviction relief is affirmed.

BARNEY, J., and FRANCIS, P.J., Concur.